JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, James Godfrey, pleaded guilty to one count of safecracking pursuant to R.C. 2911.31(A) and one count of breaking and entering pursuant to R.C. 2911.13(A). As part of an agreed sentence, the court placed him on five years of community control. One of the conditions of community control was that he pay restitution of $20,000.
Subsequently, he was charged with violating the conditions of his community control because he had failed to make any restitution payments. He pleaded no contest to the violation. The trial court sentenced him to a total of two years in prison, according to the original agreed sentence. This appeal followed.
In his sole assignment of error, Godfrey contends that the trial court erred in revoking his community control. He argues that the revocation violated the Equal Protection Clause of the United States Constitution because he was unable to pay restitution. This assignment of error is not well taken.
If an offender does not have the ability to pay fines or restitution, revocation of community control for failure to pay violates the Equal Protection Clause. But if the offender willfully refuses to pay or fails to make sufficient bona fide efforts to legally acquire the resources to pay, the court may revoke the offender's community control and sentence the offender to prison. Bearden v. Georgia (1983), 461 U.S. 660,103 S.Ct. 2064; State v. Walden (1988) 54 Ohio App.3d 160, 561 N.E.2d 995;State v. Douthard (June 29, 2001), 1st Dist. Nos. C-000354 and C-000355.
In this case, at the original sentencing, the trial court received a presentence investigation that showed that Godfrey could make restitution payments over a period of time. He contended that he was remorseful, that he understood the effect of his offenses on the victim's financial position, and that he intended pay restitution for the money he had taken. At the revocation hearing, Godfrey stated that he had been employed for three or four months, but that he had been fired the month before the hearing. He also stated that he "could always work" for a particular roofing company. He acknowledged that he had given money to people with whom he had been staying.
Thus, the record demonstrates that Godfrey willfully refused to pay and to make bona fide efforts to remain employed. The trial court's judgment revoking his community control and sentencing him to a prison term did not violate the Equal Protection Clause. Accordingly, we overrule his assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.